## DUKE v. VINCENT *et al.*

**Trespass:** BY SHERIFF. Where a sheriff takes the goods of **A.** under an attachment against B., a recovery may be had against him for the trespass after he has gone out of office, though his successor sold the goods and received the proceeds arising therefrom.

### *Appeal from Marion District Court.*

### FRIDAY, JULY 29.

ACTION to recover for taking a stock of goods mortgaged to plaintiff. The defendant was sheriff, and justified the taking under a writ of attachment against the mortgagor. The attachment plaintiffs were made defendants, and in their defence charged that the plaintiff's mortgage was made to defraud creditors. Pending the action, the defendants purchased a debt and mortgage senior to the plaintiffs. Trial to the court and facts found substantially as follows : 1. Plaintiff's debt was *bona fide* for $500, secured by mortgage on the debtor's homestead. 2. The debtor mortgaged the goods in question to one Betzer to secure $125. 3. Afterward he mortgaged them to plaintiff to further secure his debt of $500. 4. The defendant was sheriff, and had an attachment, under which he seized the goods for a debt due his co-defendants, of whom a part of the goods were purchased. 5. That the sheriff demanded an indemnifying bond, which his co-defendants gave. 6. That the plaintiff realized $50 out of the mortgaged goods not seized by the defendant. 7. That after this action was commenced the defendants bought the Betzer mortgage. 8. After defendants bought the mortgage, the sheriff, being in possession of the goods, sold the same at auction for $320.35, but their real value was $522.

Upon these facts the court found, as conclusions of law,

Duke v. Vincent.

that defendants were entitled to retain out of the proceeds of the sale of the goods the amount of the Betzer mortgage and interest; and that plaintiff was entitled to recover of defendants the balance of the amount for which the goods sold, it being $159.30. Judgment accordingly. Defendants appeal.

*Seevers & Cutts* for the appellants.

*Stone, Ayres & Curtis* for the appellee.

COLE, Ch. J.—The first error assigned is in overruling defendant's demurrer to plaintiff's petition. The answer is, that the record before us does not contain any demurrer, hence no error appears.

It is next urged that the court erred in refusing to subrogate defendants to the rights of plaintiff or both mortgages, upon their paying her the amount due. The answer is, that there is no finding of fact by the court of any offer to pay plaintiff the amount due her, or of any fact entitling defendant to such subrogation.

Again, it is assigned as error that the court rendered judgment against Vincent, the sheriff, when it appears that he had gone out of office and his successor sold the goods and received the money. The answer is, that the action is for a trespass, and the wrong-doer cannot avoid liability by handing the fruits of his trespass or wrong over to another.

Finally, it is said to be error to render judgment for the plaintiff for the amount the goods sold for, after paying the Betzer mortgage, since no such judgment was asked for. The answer is, that plaintiff asked for all, but the defense showed that the Betzer mortgage was first to be paid. We see no error to defendant's prejudice.

Affirmed.